HAWKINS v. STATE.

(Division A. Nov. 30, 1942.)

[10 So. (2d) 678. No. 34985.]

**W. B. Alexander**, of Cleveland, for appellant.

**Greek L. Rice**, Attorney-General, by **Russell Wright**, Assistant Attorney-General, for appellee.

Smith, C. J., delivered the opinion of the court.

The appellant was convicted of burglary. The indictment alleged that he "did then and there, wilfully, unlawfully, feloniously and burglariously break and enter in the nighttime the dwelling house of one Sadie Banks, with the felonious and burglarious intent of the said Willie Lee Hardy, Solomon Hawkins and George Williams to then and there wilfully, unlawfully, feloniously and burglariously take, steal and carry away the goods, wares and chattels of the said Sadie Banks and Bootie Odom in said dwelling house then and there being, and one vending machine of the value of Seventy-five Dollars in good and lawful money of the United States of America, of the personal property of the said Bootie Odom, in said dwelling house then and there being, they, the said Willie Lee Hardy, Solomon Hawkins and George Williams, did then and there wilfully, unlawfully, feloniously and burglariously take, steal and carry away." After the evidence came in, the indictment was amended to conform thereto by eliminating the words "one vending machine" therefrom and inserting in lieu thereof the words "one slot machine containing good and lawful money of the United States of America." No harm was done the appellant by the making of this amendment for it added nothing in legal effect to the charge of burglary as it appeared originally in the indictment. That the breaking and entering of the house was with "the purpose of stealing within the building" was sufficiently alleged to support a conviction of burglary in the original indictment without the words therein "and one vending machine" which could and should have been treated as surplusage as should also the language inserted in the indictment in lieu thereof. Brown v. State, 72 Miss. 990, 18 So. 431; Draughn v. State, 76 Miss. 574, 25 So. 153. The evidence need not have been confined

to an attempt to steal the articles specified in the indictment. Wood v. State, 155 Miss. 298, 124 So. 353.

The slot machine was an ordinary gambling machine and contained in a receptacle in it was $18 or $20 in nickels visible to those who played it through a glass and placed there for the purpose of inducing persons to play the machine. Appellant says that neither the slot machine nor the money contained in it were property and therefore not the subjects of larceny, from which it follows that the indictment did not charge and the evidence does not disclose that the house was entered by the appellant with a criminal intent.

Chapter 353, Laws of 1938, provides that "no property right shall exist in any" slot machine, but it will not be necessary for us to decide whether an article that is not property can be the subject of larceny for the money in this machine was property and was not withdrawn from that category by Section 966, Code of 1930, under which it could have been seized by any police officer.

After introducing evidence of the breaking and entering of the house by the appellant and the taking by him therefrom of the slot machine and the money in it the state offered and was permitted to introduce a confession said to have been made by the appellant to the marshal of the town of Cleveland. When the confession was offered the jury was retired and its competency was inquired into. During the course of the inquiry the appellant himself testified, denied making the confession and said the marshal tried to induce him to admit that he committed the burglary by telling him that if he would admit it "it would be more light on you" and "if you don't, I am going to take you out and beat you until you do tell." The appellant was then cross-examined by the District Attorney briefly as to what occurred at the time the state witness said that the confession was made. He then departed from that inquiry and proceeded to try to elicit from the appellant an admission of the commission by him of the burglary or of some-

thing that might indicate that he was lying when he denied having committed it. This cross-examination fills 112 pages of the record and after a brief re-direct examination by the appellant's attorney he was again examined by the District Attorney for a short time. After the jury returned to the courtroom and while the state was introducing its evidence in chief, over the objection of the appellant's counsel, the court permitted the District Attorney to introduce the Court Reporter who read to the jury from his stenographic notes the cross-examination of the appellant by the District Attorney on the preliminary inquiry into the competency of his alleged confession. The appellant did not testify on the merits. The Attorney-General very properly confesses that this procedure was erroneous for which the judgment of the court below must be reversed. One sufficient reason therefor is that the evidence on the preliminary inquiry into the competency vel non of appellant's confession should have been limited thereto. The appellant had the right to testify thereon but did not thereby subject himself to examination by the state on the question of his guilt vel non of the crime with which he is charged. It is true that most of this cross-examination of the appellant was not objected to by his counsel, but that is of no consequence because failure to object there did not constitute a waiver of the right to object when the evidence was offered to the jury.

Reversed and remanded.