254 So.2d 750 (1971)
Jim Paul RHONE
v.
STATE of Mississippi.
No. 46459.
Supreme Court of Mississippi.
November 22, 1971.
*751 Roy Pitts, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Jim Paul Rhone was indicted, tried, and convicted in the Circuit Court of Lauderdale County for the crime of murder while engaged in the commission of the crime of armed robbery. He was sentenced to life imprisonment in the State Penitentiary, and from this conviction and sentence he appeals.
The evidence on behalf of the state established that on Saturday night, April 25, 1970, James William Garland was found in his automobile lying on the seat with his head down on the running board on the right side of the car. His head was bloody and he had abrasions and cuts on his face. He was placed in an ambulance and carried to the hospital where he was pronounced dead.
A pathologist performed an autopsy on the following day. He described four major wounds and stated the cause of death of Garland was a gunshot wound that entered the body just to the left of the midline of the neck going through and completely cutting the spinal cord.
John Palmer testified that he first saw the car parked on the street and as it started forward a black man on the back seat shot one time. The car hit the curb and the man shot a second time. The car then ran into a building and the witness left to call the police.
Imogene Armstrong testified that she heard the shot and went to the place where the car stopped. She saw a white man in the front seat face down, about half of his body on the seat and half on the floor. She saw appellant on the back seat. When he got out of the car he asked what happened. He said that he had passed out and did not know what happened.
William Jones was in a restaurant and learned that there had been a car wreck. He and another man went to the scene and appellant came up beside him and handed him a pistol. He took the pistol and stayed a short time. He said he put the pistol in a handkerchief and then put it in a paper bag and hid it on the side of a ditch. The next day he carried an officer to the place where he had placed the pistol and turned it over to the officer.
The state also introduced a signed confession in which appellant admitted that he shot the deceased while attempting to rob him.
Appellant assigns many grounds for the reversal of this case, at least two of which are well taken and one is of such character as to require reversal. These will be discussed together with other alleged errors which may occur on another trial of this cause.
Appellant first urges that the trial court was in error in failing to sustain his motion to quash the indictment and to quash the jury panel because of systematic exclusion of numerous classes of people from serving on juries in Lauderdale County. Appellant offered proof on his motion and established by the evidence that the members of the Board of Supervisors each keep and maintain a card index list of people registered and qualified for jury service in their respective districts. The individual cards have the name, age, address, occupation and voting precinct thereon. When placing names in the jury box for use in trials in the county, if the name of a person exempt from jury service under provisions of Section 1764, Mississippi Code 1942 Annotated (1956) comes up on the list, such person is eliminated and his name is not *752 placed in the jury box. The pertinent part of Section 1764 reads as follows:
All officers in the executive department of the state government, all judges and officers of the several state courts, all county and county district officers, all physicians, osteopaths and dentists actually in practice, all teachers and officers of public schools and locomotive engineers actually engaged in their vocation, all keepers of public mills and ferries who personally pursue those callings as their principal business, paying tellers of banks and cashiers who also perform the duties of paying tellers, all ministers of the gospel and Jewish rabbis actually engaged in their calling, all officers of the government of the United States, all lawyers practicing their profession, all telegraph operators, one apothecary to every store where drugs and medicines are the principal articles for sale, all members of fire departments in towns and cities having four or more paid members of such fire departments, shall be exempt from serving as jurors.
This section further provides that all other persons shall be liable for jury service unless excused for cause.
Appellant contends that the defendant in a criminal case has a right to an impartially selected jury and it is required that the jury be indiscriminately drawn from those eligible in the community for jury service untrammeled by an arbitrary and systematic exclusion. Appellant does not contend that the legislature cannot exempt a person listed for jury service, but does contend that the exemption is a personal privilege to the party exempted with which no one else has any concern. It is urged that exemption of these persons for jury service is not a disqualification, but a personal privilege which he may waive and the person exempted is not thereby disqualified for jury service.
We gather from appellant's argument it is his contention that the names of those persons exempt from jury service should be placed on the jury list and when they are called to jury service, they must serve unless they claim their exemption. Appellant argues that this custom not only violates the rights of those persons to have a right to serve on juries, but also amounts to a systematic exclusion and denied to appellant the right to have an impartially selected jury to which he was entitled under the Sixth Amendment of the Constitution of the United States.
This same proposition was urged in Capler v. State, 237 So.2d 445 (Miss. 1970), wherein we held that the legislature had the power to prescribe the qualifications of jurors, and that it has the power to make reasonable classifications and that the exemptions set forth in this statute were not unreasonable and that the appellant's right to a fair trial was not prejudiced thereby. The most that can be said relative to the practice of the members of the Board of Supervisors in not putting the names of those persons specifically exempt from jury service on the jury list is that it is a mere irregularity. The jury laws of this state are directory and the selection of the jury in an irregular manner does not render it illegal. The obvious reason why the names of those exempt by law from jury service are not placed in the box to be drawn for jury service is that it would put the county to the expense of bringing them into court for jury service and then have them claim the exemption. Appellant does not contend that he was deprived of a fair trial by the action on the part of the Board of Supervisors of Lauderdale County. We have held in a number of cases that the provisions of Section 1766, Mississippi Code 1942 Annotated (1956), are merely directory and not mandatory, and unless it is shown that the method used was fraudulent or such a radical departure from the method prescribed as to be unfair to the defendant or prevent due process of law this Court will not reverse. Armstrong v. State, 214 So.2d 589 (Miss. 1968); Boyd v. State, 204 So.2d 165 (Miss. 1967); Ladner v. State, 197 So.2d 257 (Miss. 1967); Wiggins v. State, 224 Miss. 414, 80 So.2d 17 (1955).
*753 The material part of the evidence upon which appellant was convicted was his confession. The appellant urges that the trial court was in error in admitting this confession for several reasons. It is first contended that the confession should not have been admitted into evidence because the state had not sufficiently established the corpus delicti before the confession was admitted into evidence. The basis for this contention is that the appellant was indicted for murder while engaged in the commission of armed robbery and that there was no independent proof of the commission of armed robbery by the defendant. We find no merit in this contention. The reason for the rule requiring evidence independent of the confession is to avoid convicting a person solely out of his own mouth of a crime that was never committed or was committed by someone else. It is well established in this state that the corpus delicti in a homocide case is made up of two fundamental facts, the first being the death of the deceased and the second the fact of the existence of a criminal agency as to the cause of death. Elliott v. State, 183 So.2d 805 (Miss. 1966). Thus, in a prosecuton for premeditated murder the state is not required to prove independently those mental elements if the defendant had made a confession that admitted them. It follows that independent proof of the felony in a felony-murder prosecution is not necessary if the proof of the felony can be gathered from the confession. In this case the state satisfied the burden upon it by proving the death and that it resulted from a criminal agency. Appellant confessed that he killed the deceased while committing armed robbery. Jones v. State, 252 N.E.2d 572 (Ind. 1969); State v. Johnson, 31 N.J. 489, 158 A.2d 11 (1960).
The record reflects that appellant testified on the preliminary hearing relative to the admissibility of the confession and stated that the confession was given as a result of promises made by one of the officers. He also testified that he consumed a large amount of alcoholic beverages and some pills on the night before he gave the confession and that he was still on a "trip" at that time. The court permitted the district attorney under the guise of testing appellant's memory, over the objection of appellant, to question him concerning his guilt vel non of the crime charged. This was error. Appellant had the right to testify relative to the voluntariness of the confession without being subjected to the cross examination by the state relative to his guilt of the crime charged. In Hawkins v. State, 193 Miss. 586, 10 So.2d 678 (1942), the district attorney was allowed to cross examine the defendant as to the truthfulness of his confession. One of the statements made by the defendant as a result of such examination was introduced in evidence by the state before the jury. In reversing this case this Court said:
One sufficient reason therefor is that the evidence on the preliminary inquiry into the competency vel non of appellant's confession should have been limited thereto. The appellant had the right to testify thereon but did not thereby subject himself to examination by the state on the question of his guilt vel non of the crime with which he is charged. It is true that most of this cross examination of the appellant was not objected to by his counsel, but that is of no consequence because failure to object there did not constitute a waiver of the right to object when the evidence was offered to the jury. (193 Miss. at 593, 10 So.2d at 679).
While the cross examination of the defendant on preliminary inquiry into the competency of the confession was not introduced in evidence in the case before us, it was nevertheless a serious error. The burden of proof was upon the state to prove beyond a reasonable doubt that the confession was free and voluntary and that defendant had a right to testify as to the voluntariness of the confession, without being subjected to cross examination as to the truthfulness of the confession. To allow this procedure might effectively chill a defendant's right to testify on a preliminary *754 inquiry as to the competency of a confession.
After the court found that the confession was competent evidence it allowed the state, over the objection of the defendant, to introduce a confession into evidence without showing that the confession had been freely and voluntarily given. When the defendant sought by cross examination of the witness relative to the circumstances surrounding the giving of the confession, the court sustained objections by the state and refused to allow the defendant to fully show the circumstances surrounding the giving of the confession. It was the opinion of the trial judge that since the court had held the confession was competent evidence, the only thing that defendant could show was that the confession was not true. In so holding the court was in error. It has long been the law of this state, that before a confession can be received in evidence, it must be shown to be competent in that it was freely and voluntarily given. This is a legal question to be determined by the court on a preliminary investigation out of the presence of the jury. If, after hearing all the testimony pertinent to the inquiry, the court is satisfied beyond a reasonable doubt that the confession was freely and voluntarily given, it becomes competent evidence. However, after a confession has been held by the court to be competent evidence either party has a right to introduce before the jury the same evidence which was submitted on the preliminary inquiry as well as any other evidence relative to the weight and credibility of the confession. The jury does not pass upon the competency of the confession, but the jury does pass upon the weight and credibility of the confession. The jury has the same freedom of action in relation to confessions which they have in regard to other testimony. In the case before us, the court refused to allow the appellant to fully show the circumstances surrounding the giving of the confession, although counsel for the appellant made a valiant effort to get this evidence before the jury. This effectively deprived the appellant of a valuable right and was reversible error. Harvey v. State, 207 So.2d 108 (Miss. 1968); Wright v. State, 212 Miss. 491, 54 So.2d 735 (1951); Fisher v. State, 145 Miss. 116, 110 So. 361 (1926); Johnson v. State, 107 Miss. 196, 65 So. 218, 51 L.R.A. (N.S.) 1183 (1914); Ellis v. State, 65 Miss. 44, 3 So. 188 (1887).
The other errors assigned are either without merit or will not likely occur on another trial of this case. However, it should be pointed out that on a retrial of this case, the district attorney should refrain from making any remarks that might be interpreted as being a comment upon the failure of the defendant to testify, and to refrain from arguing facts not in evidence.
For the reasons stated, this case must be and is reversed and remanded for another trial.
Reversed and remanded.
GILLESPIE, C.J., and JONES, BRADY and ROBERTSON, JJ., concur.