416 So.2d 650 (1982)
Arthur Lee GENTRY
v.
STATE of Mississippi.
No. 53112.
Supreme Court of Mississippi.
May 26, 1982.
Rehearing Denied July 28, 1982.
Chatwin M. Jackson, Jr., Kosciusko, for appellant.
Bill Allain, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
*651 Before WALKER, BOWLING and HAWKINS, JJ.
WALKER, Justice, for the court:
This is an appeal from the Circuit Court of Montgomery County, Mississippi, wherein the jury convicted appellant, Arthur Lee Gentry, for the capital murder of Jerry Grice and sentenced him to a term of life in the custody of the Mississippi Department of Corrections.

I.
Appellant first assigns as error his arraignment during vacation over his objection. He contends his conviction and sentence should be set aside so that he might be properly arraigned during a court term and retried.
Assuming, arguendo, arraignment was improperly held during vacation, the appellant has not demonstrated wherein he was prejudiced in any manner by being arraigned in vacation on a day designated by the court for arraignments and motions.

II.
Appellant next contends the trial court erred in refusing to grant his motion for a change of venue.
The appellant's motion was not supported by affidavits of two or more credible persons as required by Mississippi Code Annotated section 99-15-35 (1972). We have held this requirement is essential to the validity of the motion. Wilson v. State, 234 So.2d 303 (Miss. 1970); Thompson v. State, 231 Miss. 624, 97 So.2d 227 (1957); Purvis v. State, 71 Miss. 706, 14 So. 268 (1893). An affidavit was filed by appellant's attorney to the effect that he was unable, after diligent search and inquiry, to locate two reliable citizens of the county who would be willing to sign an affidavit that, in their opinion, the appellant could not receive a fair trial due to excessive and improper publicity in the press, on the radio and word of mouth and gossip. The attorney further alleged:
That it is my opinion, based on my thirty-two years of active practice of law, both as a defense attorney and as a former District Attorney for the district which includes Montgomery, the reluctance of citizens to sign such an affidavit is due variously to fear of reprisal, both personal and economic, and their pre-judgment of the guilt of the defendant and therefore not wishing to take any action which causes others to believe that they sympathize with the plight of the defendant.
That normally such affidavits can be obtained from family members or friends of the defendant, but as pointed out, this defendant has no family and no friends anywhere in this county or state.
The trial court held a hearing on appellant's motion on October 16, 1980. It was established there was only one newspaper[1] account of the murder in Montgomery County and the case mentioned on radio station WONA only six times at or about the time the crime was committed. WONA also reported the finding of the preliminary hearing and recently a brief mention that the case would be coming to trial. From the time of the first newscast until the case was called to trial, approximately eight months elapsed.
At the hearing the State called numerous witnesses including:
(1) Billy Costilow, Sheriff of Montgomery County
(2) Percy L. Parker, Member of the Board of Supervisors of Montgomery County
(3) Guy Lee Campbell, Retired factory worker
(4) James Card, Employee of International Paper Company
(5) George English, Employee of Whites Auto Store (Serviceman for appliances).
(6) Robert Berry, Jr., Employed by the Administrative Assistant for the Central Mississippi Planning and Development Foundation.

*652 (7) Edward A. Woods, Manager for Mississippi Power & Light Company in Winona
(8) Maxie Ellis, A Deputy State Fire Marshall
(9) Roger Mason, President of Montgomery County Bank
(10) Ned Blaylock, Justice Court Judge of District Two in Montgomery County
(11) Terry Thomas, A conservation officer with the Department of Wildlife of the Game and Fish Commission
(12) Peggy Hathcock, owner of beauty salon in Winona
(13) Daniel Fielder, Chief of Police for City of Winona
(14) John Bassinger, An assistant inspector with the Mississippi Highway Patrol
(15) Sam Pitner, Editor and publisher of The Conservative in Carroll County, Editor and publisher of the Winona Times in Montgomery County
All of the above testified they knew of no prejudgment of the case or prejudice against appellant in the public mind and in their judgment the appellant could obtain an unbiased and fair trial in Montgomery County. Furthermore, several attorneys called by the appellant and his alleged accomplice testified that although they could not represent the appellant for various reasons, when asked, stated, in their opinion, he could receive a fair and impartial trial in Montgomery County.
We have carefully considered the record and are of the opinion the trial judge did not abuse his discretion in denying appellant's motion for a change of venue.

III.
Appellant's final proposition is that the trial court erred in admitting into evidence his alleged confession.
The appellant was indicted for capital murder on a charge of having committed the crime of murder while engaged in an armed robbery. He objected to the introduction of his confession on several grounds but urges only the following one on appeal:
[T]hat the State has wholly and totally failed to produce a scintilla of evidence of any robbery or attempted robbery aliundi the confession offered. Expressed another way, the corpus delecti [sic] of the crime of robbery is not supported by a scintilla of proof aliundi the confession and a confession can't be received into evidence unless the State has proved a prima facie case of robbery prior to the offering of a confession; ...
There is no question that the corpus delicti as to murder was fully established. See Jackson v. State, 337 So.2d 1242 (Miss. 1976). However, the appellant argues the State could not introduce his confession until also proving the corpus delicti of robbery.
This assignment is wholly without merit as the proposition is controlled by Rhone v. State, 254 So.2d 750 (Miss. 1970). The fact that Rhone was decided under our felony murder statute, Mississippi Code Annotated section 97-3-19 (1972), which was subsequently amended as our present capital murder statute and under which appellant was tried, does not change the rule announced in Rhone. In Rhone, we held:
The material part of the evidence upon which appellant was convicted was his confession. The appellant urges that the trial court was in error in admitting this confession for several reasons. It is first contended that the confession should not have been admitted into evidence because the state had not sufficiently established the corpus delicti before the confession was admitted into evidence. The basis for this contention is that the appellant was indicted for murder while engaged in the commission of armed robbery and that there was no independent proof of the commission of armed robbery by the defendant. We find no merit in this contention. The reason for the rule requiring evidence independent of the confession is to avoid convicting a person solely out of his own mouth of a crime that was never committed or was committed by someone else. It is well established in *653 this state that the corpus delicti in a homicide case is made up of two fundamental facts, the first being the death of the deceased and the second the fact of the existence of a criminal agency as to the cause of death. Elliott v. State, 183 So.2d 805 (Miss. 1966). Thus, in a prosecuton [sic] for premeditated murder the state is not required to prove independently those mental elements if the defendant had made a confession that admitted them. It follows that independent proof of the felony in a felony-murder prosecution is not necessary if the proof of the felony can be gathered from the confession. In this case the state satisfied the burden upon it by proving the death and that it resulted from a criminal agency. Appellant confessed that he killed the deceased while committing armed robbery. Jones v. State, [253 Ind. 235] 252 N.E.2d 572 (1969); State v. Johnson, 31 N.J. 489, 158 A.2d 11 (1960). (254 So.2d at 753).
The corpus delicti with respect to the murder was sufficiently proved and this is admitted by the appellant. Therefore, under Rhone the robbery could then be proved entirely from the confession to make out a case of capital murder.
Finding no reversible error, the conviction and sentence of appellant are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
NOTES
[1] The Winona Times, a weekly publication.