MYERS, P.J.,
for the Court.
¶ 1. Robert Wade Presley was convicted in the Circuit Court of Monroe County of DUI-maiming and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections, with five years suspended and five years of post-release supervision. Aggrieved, Presley appeals, arguing that the trial court erred in denying his motion to quash the venire. Finding no error, we affirm.
FACTS
¶ 2. At trial, Presley moved to quash the venire, arguing that its selection was nonrandom because it did not contain any potential jurors whose surnames began with the letters “T,” “U,” “V,” “W,” “X,” “Y,” or “Z.” Judy Butler, Circuit Clerk of Monroe County, testified that this resulted from the algorithm used by the County’s computer system. She explained that an order by the senior circuit judge directed her to add 8,000 names to the jury wheel for the year. The computer was programmed to randomly select every third name from a master list of registered voters, which was ordered alphabetically. However, because there were more than 24,000 names on the master list, the computer selected the 8,000th name approximately midway through the letter “S.” The circuit clerk testified that whether the computer utilized the entire alphabet depended on the number of names requested for the jury wheel, and it had failed to run through the entire alphabet in only one other year that the system had been in place.
¶ 3. The trial judge denied the motion, observing and finding:
I’ve had an opportunity this morning to seat the jury. The jury looked very diverse. I saw what appeared to be a[sic] equal number of minorities and whites, and I also saw a[sic] equal number of what appeared to be men and women.
Mr. Presley has failed to demonstrate any prejudice to him. And as far as the panel, I find that the panel is diverse, it does represent a cross-section of Monroe County and the motion will be denied.
Presley did not challenge the trial judge’s observations regarding the makeup of the venire. Presley was convicted and sentenced by the trial court. He now appeals, asserting that the trial court erred in denying his motion to strike the venire under both Mississippi law and the United States Constitution.
DISCUSSION
I. Whether the venire violated Presley’s constitutional right to a jury trial.
*444 ¶ 4. Presley argues that the venire violated his Sixth Amendment right to a jury trial because it did not represent a “fair cross[-]section of the community.” See Taylor v. Louisiana, 419 U.S. 522, 526, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). The United States Supreme Court has placed the burden on the defendant to show that: (1) the alleged exclusion affects a “distinctive group”; (2) the representation of the group in the venire is unreasonable in proportion to their number in the community; and (3) this under-representation results from the “systematic exclusion of the group in the jury-selection process.” Duren v. Missouri, 489 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).
¶ 5. While the United States Supreme Court has not precisely defined a “distinctive group” under the first prong of the test, it has stated that such may include “economic, social, religious, racial, political[,] and geographical groups.” See Thiel v. S. Pac. Co., 328 U.S. 217, 220, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); see also Witcher v. Peyton, 405 F.2d 725, 727 (4th Cir.1969) (“a cross-section of the community includes persons with varying degrees of training and intelligence and with varying economic and social positions.”)
¶ 6. Presley has failed to meet this prong of the test, as persons whose names begin with certain letters of the alphabet do not constitute a distinctive group. See, e.g., United States v. Puleo, 817 F.2d 702 (11th Cir.1987), cert. denied, 484 U.S. 978, 108 S.Ct. 491, 98 L.Ed.2d 489 (1987) (persons with last names “M-Z” not a distinctive group). Nor has Presley shown that excluding persons with surnames beginning with “T-Z” disproportionally affected any distinctive group in Monroe County. Accordingly, Presley has failed to meet his burden to show that the jury did not represent a fair cross-section of the community, and his claim under the Sixth Amendment fails. This assignment of error is without merit.
II. Whether the trial court erred under Mississippi law.
¶ 7. Presley alternatively argues that the venire should have been struck under Mississippi law because it was not “random” as required by Mississippi Code Annotated section 13-5-26 (Rev.2004). However, we need not determine whether Monroe County’s method of jury selection satisfies the statute, because as the supreme court held in De La Beckwith v. State, 707 So.2d 547, 597 (¶ 199) (Miss.1997):
The statutory method of selecting jurors is directory, not mandatory, and unless it is shown that the method used was fraudulent or such a radical departure from the method prescribed by the statute as to be unfair to the defendant or to prevent due process of law, this Court will not reverse.
(Citations omitted). The court continued, noting that “[t]he jury laws of this state are directory and the selection of the jury in an irregular manner does not render it illegal.” Id. at 597-98 (¶ 199) (citing Rhone v. State, 254 So.2d 750, 752 (Miss.1971)). It concluded that the determinative question is “whether the jury lists reasonably reflect a cross-section of the population.” Id. at 598 (¶ 199) (quoting Peterson v. State, 268 So.2d 335, 336 (Miss.1972)).
¶ 8. Like de la Beckwith, Presley has alleged no prejudice resulting from the trial court’s alleged noncompliance with the statute, and he has failed to show that persons whose surnames begin with “A” through “S” do not represent a “fair cross-section of the community.” See id. at (¶ 200). Instead, the only evidence in the record is the testimony of the circuit clerk and the trial judge’s observations — that notwithstanding the alleged error, the ve- *445 nire was geographically, racially, and sexually representative of Monroe County. Accordingly, this assignment of error is without merit.
¶ 9. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF CONVICTION OF DUI-MAIMING AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.