

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO.AP-75,540

**RAMIRO F. GONZALES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 04-02-9091-CR
### IN THE 38TH JUDICIAL DISTRICT COURT
### MEDINA COUNTY

COCHRAN, J., filed a concurring opinion in which KELLER, P.J., and HERVEY, J., joined.

### CONCURRING OPINION

I concur in the resolution of appellant's point of error one and otherwise join the Court's opinion. The *corpus delicti* rule deals with the admission of a person's extrajudicial confession to a crime and the need for some independent evidence to corroborate that confession. In the context of the present case, I think that the *corpus delicti* rule requires evidence that corroborates only the fact of a homicide, not the felony that elevates that homicide to capital murder.

The *corpus delicti* rule is not one of constitutional magnitude,[1] nor is it statutorily mandated. It is a common law, judicially created, rule of evidence,[2] the purpose of which is to ensure that a person will not be convicted based solely on his own false confession to a crime that never occurred.[3] Historically, the *corpus delicti* rule has required some

---

[1] In *Opper v. United States*, 348 U.S. 84 (1954), the Supreme Court rejected the common law *corpus delicti* rule and adopted the "trustworthiness" approach, which it found to be the "better rule." *Id*. at 93. Under that rule, the government must "introduce substantial independent evidence which would tend to establish the trustworthiness of the [defendant's] statement." *Id*. But this "corroborative evidence need not be sufficient, independent of the [defendant's] statements, to establish the *corpus delicti*." *Id*. *See generally United States v. Abu Ali*, 528 F.3d 210, 234-35 (4th Cir. 2008), *cert. denied*, 129 S.Ct. 1312 (2009).

[2] Although the exact origin of the *corpus delicti* rule is unknown, its history traces back to a 17th century English case, *Perry's Case*, 14 How. St. Tr. 1311 (1660), in which Thomas A. Mullen, the purported murder victim, disappeared one night, leaving a "hacked and bloody" hat behind. The defendant was a suspect, and he soon confessed, implicating not only himself but his brother and mother in the murder as well. All three were tried, found guilty, and executed. A few years later, Mr. Mullen reappeared, very much alive. *See* Note, *Proof of the Corpus Delicti Aliunde the Defendant's Confession*, 103 U. PA. L.REV. 638, 638 (1955). "This and similar cases led the British courts to question the sufficiency of confessions to prove that a crime had been committed." *Id*. at 639.

[3] *See Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002) ("The *corpus delicti* rule guarded against the shocking spectacle and deleterious effect upon the criminal justice system when a murder victim suddenly reappeared, hale and hearty, after his self-confessed murderer had been tried and executed.") (citing ROLLIN M. PERKINS & RONALD N. BOYCE, CRIMINAL LAW 142-50 (3d ed. 1982)); *see also Warszower v. United States*, 312 U.S. 342, 347 (1941) ("The rule requiring corroboration of confessions protects the administration of the criminal law against errors in convictions based upon untrue confessions alone."); *East v. State*, 175 S.W.2d 603, 605 (Tex. Crim. App. 1942) ("The wisdom of this rule lies in the fact that no man should be convicted of a crime, the commission of which he confesses, unless the State shows, by other testimony, that the confessed crime was in fact committed by someone. The contrary would authorize a return of conditions that existed in the days of the inquisition."); *Commonwealth v. Turza*, 16 A.2d 401, 404 (Pa. 1940) (The purpose of the *corpus delicti* rule is to guard against "the hasty and

(continued...)

corroboration of (1) the occurrence of the specific kind of injury or loss and that (2) the injury or loss was caused by someone's criminal activity.[4]  Texas has sometimes added a third requirement: some independent proof that the defendant was connected to the criminal act.  Thus, in Texas homicide prosecutions, this Court had historically required independent proof that (1) "the body of the deceased was found and identified"; (2)  he died as a result of a criminal act (not by accident, natural causes, or suicide); and (3) the defendant is connected with that criminal act.[5]  That third requirement was finally abolished by this Court in 1974.[6]  It had never been necessary for the State to offer independent corroboration of each

---

[3](...continued)
unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed.").

[4] *See Salazar*, 86 S.W.3d at 644.  Although the English common law *corpus delicti* rule originally applied only to murder and bigamy cases, when it traveled to America, it began to be applied to all felonies.  *Id*.

[5] *Black v. State*, 128 S.W.2d 406, 409 (Tex. Crim. App. 1939) (upholding defendant's murder conviction and death sentences when there was sufficient independent corroboration that victim died from the criminal act of being shoved off a cliff); *see also Kugadt v. State*, 44 S.W. 989, 996 (Tex. Crim. App. 1898) (murder conviction and death sentence affirmed; "A dead body, or its remains, having been discovered and identified as that of the person charged to have been slain, the basis of the *corpus delicti* being thus fully established, the next step in the process, and the one which is to complete the proof of that indispensable preliminary fact, is to show that the death has been occasioned by the criminal acts or agency of another person.").

[6] *Self v. State*, 513 S.W.2d 832, 837 (Tex. Crim. App. 1974) (the State provided independent corroborative evidence that the murder victim had died and that she had died as the result of a criminal act; defendant's connection to the criminal act could be established solely through his confession; "All cases heretofore holding that the *corpus delicti* in a murder prosecution consists of three elements are hereby overruled to the extent they are in
(continued...)

element of the offense or of the specific method by which the offense was alleged to have

occurred.[7]

Then, in 1990, a plurality of this Court held that the State was required, in 19.03(a)(2)

capital-murder cases, to offer some corroborative evidence of the underlying felony charged

in the capital-murder indictment.[8] In *Gribble*, the plurality began with the generally accepted

statement about the contours of the *corpus delicti* rule:

> This Court has long subscribed to a variant of the common law rule that an
> extrajudicial confession of the accused is insufficient to support conviction
> unless corroborated.  In Texas, as in most other American jurisdictions, the
> rule has been construed to require independent evidence of the *corpus delicti*,
> not merely support for credibility of the confession.   Although often
> inconsistent in our understanding of the term,  we have usually held *corpus
> delicti* to mean harm brought about by the criminal conduct of some person.
> Thus, the extrajudicial confession of a criminal defendant must be
> corroborated by other evidence tending to show that a crime was committed.
> It need not be corroborated as to the person who committed it, since identity
> of the perpetrator is not a part of the *corpus delicti* and may be established by
> an extrajudicial confession alone.[9]

Then, having just set out the common law rule that there must be independent evidence of

"harm" or "a crime," the plurality announced that the "the essential purpose of the

_____

[6](...continued)
conflict with this opinion.").

[7] *See id.*; *see also Salazar*, 86 S.W.3d at 645 & n.19 (rather than requiring independent
corroboration of each element and descriptive allegation in the indictment, the *corpus delicti*
rule requires that an out-of-court confession be corroborated by some independent evidence
tending to show the essential nature of the charged crime).

[8] *Gribble v. State*, 808 S.W.2d 65, 70-71 (Tex. Crim. App. 1990) (plurality op.).

[9] *Id.* at 70 (footnotes and citations omitted).

corroboration requirement is to assure that no person be convicted without some independent evidence showing that *the very crime to which he confessed was actually committed*[.]"[10] Thus, *Gribble* held that the State was required to offer some independent evidence of kidnapping, the underlying felony that the State had pled in its capital-murder indictment.[11] This had not been true under the common law in Texas because the sole purpose of the rule was to ensure that the defendant is not convicted based on a false confession to a crime that never happened. The *corpus delicti* of any homicide–from capital murder to manslaughter or negligent homicide–was a dead body and a criminal act (and sometimes evidence that the defendant was connected to that criminal act). Period. The State was never required to provide independent evidence of the specific manner and means by which the offense was committed or of any other element of the charged homicide. This strange new requirement suddenly jumped into the minds of four members of this Court and has never been further examined. *Gribble* has simply been cited as if it were well-established law with a well-established pedigree.[12] It is neither.

Most American courts that still follow the common law *corpus delicti* rule[13] have

---

[10] *Id.* at 71 (emphasis added).

[11] *Id.*

[12] *See, e.g., Emery v. State,* 881 S.W.2d 702, 705 (Tex. Crim. App. 1994); *Chambers v. State,* 866 S.W.2d 9, 15-16 (Tex. Crim. App. 1993).

[13] Many state courts, as well as the federal courts, have abolished the *corpus delicti* rule, in favor of the "trustworthiness" standard for the admission of extrajudicial confessions.

(continued...)

concluded that, in the context of a capital-murder or felony-murder trial, the prosecution need not provide any independent evidence of the underlying felony.[14]  Proof that a person has died, coupled with proof of a criminal act that caused that death, suffices to ensure that an innocent person will not be unjustly convicted of a capital or felony murder that never occurred.[15]  "Death" is the harm or injury that the *corpus delicti* rule addresses in homicide

---

[13](...continued)
*See, e.g., State v. Mauchley*, 67 P.3d 477, 482-83 (Utah 2003) (noting that "the federal courts and a growing number of state courts" have rejected the common law *corpus delicti* rule in favor of the "trustworthiness standard" applied to the admission of the defendant's confession).

[14] *See, e.g.*, *People v. Miller,* 236 P.2d 137, 139-40 (Cal. 1951) ("The *corpus delicti* of the crime of murder having been established by independent evidence, . . . extrajudicial statements of the accused . . . may be used to establish the degree of the crime committed").

[15] *See Mauchley*, 67 P.3d at 482 ("We currently adhere to the orthodox *corpus delicti* rule") & 487 (stating that the aggravating circumstances of a capital murder, such as robbery, are not "part of the *corpus delicti*"); *Hall v. State*, 206 S.W.3d 830, 834-35 (Ark. 2005) (defendant did not contend that there was insufficient evidence of the act of murder; "the *corpus delicti* of the crime of murder having been established, the underlying felony of aggravated robbery was clearly shown by the extrajudicial statements of the accused"); *People v. Weaver*, 29 P.3d 103, 132-33 (Cal. 2001) (*corpus delicti* rule did not apply to underlying felony alleged in capital murder prosecution; "When the People have established the *corpus delicti* of murder, a defendant's extrajudicial statements may be admitted to prove an underlying felony for felony-murder purposes even if the felony cannot be proved by evidence other than such statements."); *Commonwealth v. Bardo*, 709 A.2d 871, 874-75 (Pa. 1998) (in capital murder prosecution, *corpus delicti* was satisfied by independent proof of child's death by a criminal act, prosecution did not have to provide independent corroboration of defendant's confession that the killing occurred during the commission of a felony); *State v. Franklin*, 304 S.E.2d 579, 586 (N.C. 1983) (holding that "independent proof of the underlying felony in a felony murder prosecution is not necessary where a confession, otherwise corroborated as to the murder, includes sufficient facts to support the existence of the felony."); *Gentry v. State*, 416 So.2d 650, 652-53 (Miss. 1982) ("It is well established in this state that the *corpus delicti* in a homicide case is made up of two

(continued...)

cases.

Because the majority perpetuates the unwarranted extension of the *corpus delicti* rule

first made in *Gribble*, without a logical or historical rationale, I can only respectfully concur

with the result in point of error one.

Filed: June 17, 2009

Do Not Publish

---

[15](...continued)
fundamental facts, the first being the death of the deceased and the second the fact of the existence of a criminal agency as to the cause of death. . . . It follows that independent proof of the felony in a felony-murder prosecution is not necessary if the proof of the felony can be gathered from the confession.") (quoting *Rhone v. State*, 254 So.2d 750, 753 (Miss. 1970)); *Jones v. State,* 252 N.E.2d 572, 578 (Ind. 1969) (stating that "murder in the first degree can be committed by a homicide which involves premeditated malice, rape, arson, robbery or burglary, and it is our opinion in this case the *corpus delicti* is established by evidence independent of the confession of a homicide from which inferences may be drawn that it was feloniously done without evidence independent of the confession specifically of premeditation, rape or any of the other enumerated felonies."); *State v. Johnson*, 158 A.2d 11, 19-20 (N.J. 1960) ("In a prosecution for premeditated murder, the State is not required independently to prove those mental elements if the defendant has given a confession that admits them. By the same token, independent proof of the felony in a felony-murder prosecution is not necessary if proof of the felony can be gathered from a corroborated confession. In our view the State satisfied the burden placed upon it by independently proving the fact of death, and by producing corroborative evidence tending to establish that when the defendants confessed that they participated in the holdup and killing they were telling the truth. We therefore find that the confessions were properly received in evidence and were amply corroborated."); *but see Roach v. Commonwealth*, 468 S.E.2d 98, 110 (Va. 1996) (holding that because the *corpus delicti* of both murder and of robbery were shown by independent evidence, the *corpus delicti* of capital murder was sufficiently corroborated); *Maxwell v. State*, 828 So.2d 347, 358 (Ala. Crim. App. 2000) (same).