## THOMAS ROBERTS *v.* THE STATE.

1. CRIMINAL LAW.   *Indictment not pursuing language of statute.*
   An indictment is not bad because it does not pursue literally the language of
   the statute defining the offense charged, if the words of the indictment be
   synonymous with those of the statute.

2. SAME.   *Practice.   Joinder of two offenses in same count.*
   It is a general rule that two crimes cannot be charged in the same count of an
   indictment, but, as an exception thereto, larceny and burglary may be joined
   in a single count, and in such a case the jury may acquit of burglary and
   convict of larceny; but, if they return a general verdict of guilty, it will be
   regarded as a conviction of burglary alone.
   *Quære:* Whether, if an indictment is bad for duplicity, the objection can be
   made after verdict.

ERROR to the Circuit Court of Lincoln County.

Hon. J. M. SMILEY, Judge.

The plaintiff in error was tried upon an indictment charging that he, " with force and arms, a certain house, commonly called a corn-crib, in which was then and there kept for use and safety corn and other valuable things of one T. T. Mead, there situate, feloniously and burglariously did break and enter, with intent then and there the goods and chattels of the said Mead, in said corn-crib then and there being, then and there feloniously and burglariously to take, steal, and carry away one bushel of corn of the value of one dollar, of the goods and chattels of the said Mead, in the said corn-crib then and there being found, then and there feloniously and burglariously did take, steal, and carry away."

Section 2527 of the Code of 1871, in relation to burglary, is as follows:   " Every person who shall be convicted of breaking and entering, in the day-time or night, any shop, store, booth, tent, warehouse, or other building in which any goods, merchandise or valuable things shall be kept for use, sale, or deposit, with intent to steal therein, or to commit any felony, *   *   *   shall be adjudged guilty of burglary."

The jury found the accused " guilty as charged in the in-

dictment." The points assigned for error are noted in the opinion of the court.

. *R. H. Thompson,* for the plaintiff in error.

1. The motion in arrest should have been sustained.

The indictment does not pursue the precise and technical language of the statute.

The language of the statute is, " any shop, store, booth, tent, warehouse, or other building." The language of the indictment is, " a certain house, commonly called a corn-crib." The word " house " is not used in the statute, nor the word " crib," or " corn-crib."

Again, the language of the statute is, " kept for use, sale, or deposit ;" that of the indictment, " kept for use and safety."

Lastly, the language of the statute is, " with intent to steal *therein* ;" that of the indictment, " with intent then and there the goods, etc., * * * in the corn-crib then and there being, feloniously and burglariously to take, steal, etc." These variances are fatal. 13 Smed. & M. 263 ; 1 Cushm. 525 ; 2 Geo. 473 ; 42 Miss. 328.

2. There can be no doubt of the rule that an indictment which contains in the same count two separate and distinct offenses is bad. But at common law as an exception to this rule, an indictment might in the same count contain the two offenses of burglary and larceny ; but it will be remembered that, at common law, burglary consisted of a breaking with intent to commit a felony, and it was immaterial to inquire of which offense a defendant was convicted, since the punishment was the same.

Now, under our statute, it is burglary to break with intent to steal, embracing petit larceny. We have, then, in the indictment before the court two distinct offenses charged, one a felony, and the other a mere misdemeanor.

The verdict is defective. It, together with the indictment, did not authorize the sentence of imprisonment in the penitentiary. The jury ought to have specified of which offense — the felony or the misdemeanor — they found the prisoner guilty.

*T. C. Catchings*, Attorney-General, for the State.

1. The indictment sufficiently pursues the language of the statute defining the offense, as a comparison will show.

2. It is said that, two offenses, one a felony·and the other a misdemeanor, being charged in the indictment, the general verdict of guilty is bad.

There is no bill of exceptions, and, consequently, we cannot tell what the evidence was. Inasmuch as the indictment was for burglary, and as this offense was made out, whether there was an actual stealing or merely an intent to steal proven, the presumption must be that the verdict was proper. Besides, a general verdict in such a case always applies to the burglary. If the jury find only a larceny, they must so say. Whart. Cr. Law, secs. 3183, 3184. A careful reading of the indictment will show, however, that while both offenses may have been intended to be joined, yet, in fact, there was no count for larceny.

CHALMERS, J., delivered the opinion of the court.

The objections to the indictment, based on the failure to follow literally the language of the statute (Code 1871, sec. 2527), are not well taken. The words of the indictment are synonymous with those of the statute, which is sufficient.

Motion in arrest was made after verdict, upon the ground that the offenses of burglary and of larceny were both embraced in a single count in the indictment. The general rule is that two crimes cannot be charged in the same count, but to this rule there are some exceptions, prominent among which are assault and battery, and burglary and larceny. An assault and battery, it is held, may be joined in a single count, because the lesser offense necessarily merges in the greater. Various reasons have been given for allowing the joinder of burglary and larceny, the most satisfactory of which seems to be that whether the breaking into the house be burglary or not, depends upon the intent; and the act of larceny, after the breaking, is conclusive proof of the intent with which the breaking

was done. · The larceny, therefore, is charged, not as a substantive offense, but as demonstrating the burglarious intent. The jury may, indeed, acquit of the burglary and convict of the larceny, but a general verdict of guilty will be regarded, not as a conviction of two offenses, but of the burglary alone; and the larceny charged will be deemed indicative of, and intended to demonstrate, the *animo furandi* which goes to make up the higher crime. *The Commonwealth* v. *Hope*, 22 Pick. 1; *The Commonwealth* v. *Tuck*, 20 Pick. 356; *Josslyn* v. *The Commonwealth*, 6 Metc. 236.

Whether, if the indictment was bad for duplicity, objection could be made after verdict, is left by the books in much doubt. The authorities, *pro* and *con*, are grouped in Bishop's Criminal Procedure, volume 1, section 197, and note, and the view is expressed by the author that, upon principle, the duplicity ought to be considered as cured by verdict.

Judgment affirmed.

