WALTER DEES, ET AL., *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 605.]

1. CRIMINAL LAW. *Burglary and larceny. Verdict.*

Where an indictment charges burglary and larceny, a general verdict of "guilty as charged" is one of guilty of burglary alone.

2. SAME. *Instruction.*

On the trial of an indictment charging burglary and larceny, a defendant's instruction is properly refused if it direct an acquittal of both larceny and burglary upon a finding of facts warranting an acquittal of burglary alone.

3. SAME.

Where defendants alone, or with a third person, broke and entered a storehouse, without the consent of the owner, and were in the act of carrying off goods when arrested, they were guilty of burglary without reference to which one actually forced the entrance, although the owner had agreed to pay the third person for services in detecting defendants.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Walter Dees and Charles Fleming, appellants, were jointly tried and convicted of burglary upon an indictment charging burglary and larceny; were sentenced to the penitentiary for seven years, and appealed to the supreme court.

The indictment charged that the appellants on a designated date "did unlawfully, wilfully, feloniously and burglariously break and enter into the storehouse of Holmes Brothers, then and there the goods, wares and personal property of said Holmes Brothers wilfully and feloniously to take, steal and carry away, and did then and there a certain lot of shoes of the value of $15, a certain lot of pants of the value of $20, and a lot of jewelry, consisting of watches, of the value of $3 each, $63, all of the aggregate value of $98, being the goods and personal property of said Holmes Brothers then in said store kept and stored, unlawfully, wilfully, feloniously and burglariously take, steal and carry away; contrary to the form of the statute," etc.

The verdict of the jury was: "We, the jury, find the defendants guilty as charged." The court thereupon adjudged appellants guilty of burglary.

It appeared from the state's testimony that the building burglarized was a storehouse belonging to Holmes Brothers, a partnership, and that the building had been wrongfully broken into on a prior occasion; and the owners, in order to catch the guilty party, had engaged one Chapman as a detective to secure evidence warranting a conviction. Chapman thereafter, in pursuance of the scheme, acquired the confidence of the appellants, whom he suspected of the previous breaking, and it was agreed between them that the storehouse should be burglarized upon a designated night. The owners, comprising the partnership of Holmes Brothers, and other witnesses, secreted themselves and overheard the conversation between Chapman and appellants in which the burglary was planned. On the night designated the owners of the storehouse, an officer, and one of the employes of the firm, secreted themselves in the storhouse to await the entry of appellants. According to the testimony offered by the state, the appellants, accompanied by Chapman, went to the back door of the storehouse, and appel-

lants forced the door of the store open, entered and took the articles of merchandise mentioned in the indictment, and began to carry them away, when, while still in the storehouse, they were arrested by the officer.

The contention of appellants on the trial was that they were enticed into the crime by Chapman, who had planned the burglary; that they did not break open the door, but that Chapman did, and, having entered, he invited them to follow, which they did, being both under the influence of intoxicants at the time. Appellants further contended that the owners, through Chapman, consented to their entrance into the storehouse.

*Harris & Powell*, for appellants.

For a party to commit burglary three things must occur: There must be a felonious breaking, an absence of consent of the owner, and an intent to commit a crime.

There was practically a consent upon the part of the owners of the building to the breaking of the store. The testimony offered by the state shows that Chapman was acting as agent for Holmes Brothers, who owned the store; that the whole matter was planned beforehand by Chapman and Holmes Brothers, even to the most minute detail; and that Chapman was with the appellants when the breaking occurred, and aided in breaking into the store, or consented thereto.

Under such circumstances Chapman's consent was the consent of the owners of the store. Hence, as there was consent, there was no burglarious breaking. *Strait* v. *State,* 77 Miss., 693 (s.c., 27 South. Rep., 617); *Common* v. *People,* 25 L. R. A., 341; 5 Am. & Eng. Ency. Law, 51.

Under the facts, as proven by appellants' witnesses, the court below erred in granting the first instruction for the state. This, instruction, in effect, charged the jury that if from the evidence they believed beyond a reasonable doubt that the defendants, either alone or in conjunction with Chapman, broke into the store, and that such breaking was without the consent of

Holmes Brothers, and that the defendants when detected were in the act of stealing the goods mentioned in the testimony, then the defendants were guilty as charged, regardless of who actually broke open the store, and regardless of the fact that Holmes Brothers had agreed to pay Chapman for assisting in the detection and apprehension of the defendants.

It was also error for the court below to refuse to grant the second instruction to defendants, in effect as follows: "If you believe from the evidence that Chapman broke open Holmes Brothers' store, unassisted by either of the defendants, and that in so doing he did not intend to commit a crime after so breaking, then neither of the defendants is guilty of the charge in the indictment."

The action of the court below in reference to these two instructions constitutes reversible error, because it is admitted that Chapman was acting for Holmes Brothers, and with their consent, and that he knew that they were secreted in the store at the time of the breaking, in company with the officers of the law. He knew that the door had been left unbolted, and only partly fastened, for the purpose of making the burglarious entry easy, and he knew that the arrest was to be made inside of the store, when the parties should have entered. It is evident that Chapman did not intend to commit any crime whatever. And if he alone, as stated in the instruction asked by appellants, did the breaking, unaided and unassisted by appellants, he was not guilty of intending to commit a crime; and accordingly a necessary ingredient of burglary was lacking, to wit, the felonious intent. And as Chapman was not guilty of the crime, the appellants were not guilty.

Under the authority of *Strait* v. *State, supra,* the refusing of this second instruction for appellants was certainly such error as must result in reversal.

We note that the learned assistant attorney-general, in reply to our contention, states that the refusal of the court below

to grant the instruction to appellants would have been error if the instruction had only limited itself to the crime of burglary, but, says he, it was not error to refuse the instruction, inasmuch as the crime of larceny was also charged in the indictment. And he draws the deduction that had the court instructed the jury to acquit the appellants of the charge in the indictment it would have meant that they should acquit the appellants of the charge of larceny as well as burglary.

In reply to this we say that the real crime aimed at in the indictment was burglary, and that larceny was only incidentally charged. *Roberts* v. *State,* 55 Miss., 421; *Harris* v. *State,* 61 Miss., 304. In the cases cited this court said that where there is a general verdict of guilty on an indictment charging both burglary and larceny, it will be regarded as a conviction of burglary alone. We accordingly submit that the argument of the learned assistant attorney-general is too refined and tech-. nical; but if it be that he is correct in his contention, then he is impaled on the other horn of the dilemma, for in the first instruction granted to the state, the court told the jury that, regardless of who broke open the store, the appellants were guilty as charged, if the jury should hold them guilty at all. This was manifest error, for under the facts, Chapman, if he did break open the store, did not intend to commit a crime, hence did not have the necessary criminal intent to constitute the felonious act. And as Chapman did not have such necessary intent, the appellants could not be guilty of burglary, since they were merely accessories, principals in the second degree. And the *Strait case, supra,* stated that "a principal in the second degree could only be guilty of the crime committed by the principal in the first degree, and if he were guilty of no crime, neither were they."

*R. V. Fletcher,* assistant attorney-general, for the appellee.

Appellants contend that they should have been acquitted because of having been enticed or decoyed into the building

by Chapman, who, they claim, was the agent of the owners of the building. They insist that the case is controlled by that of *Strait* v. *State,* 77 Miss., 693 (s.c.; 27 South. Rep., 617). That case is, however, widely divergent from the case at bar. There the breaking and entering were made by the confederate, the agent of the owners. In the case at bar the breaking, according to the state's testimony, was done by the appellants, without assistance from the detective, Chapman. In the former case the owners, through their agent, would have been principals in the offense, if an offense had been committed. In the case at bar Chapman was passive, if, in fact, he was actually present at the breaking. In the former case the appellant was entrapped, enticed and decoyed into entering the office; in the case at bar there were no inducements or persuasions to entice the appellants into crime. In fact, from the conversation overheard by the listeners, Dees and Fleming were the prime movers in the matter. The actual breaking and larceny were committed by them. It is not shown, save by appellants' testimony, that Chapman was even about the premises at the time of the burglary. But if he were, the offense would nevertheless be complete. There is a broad distinction between inviting a man to commit a burglary, and employing a man to detect the burglary and assist in catching the guilty parties.

So far as the state's testimony went, it was not shown that Chapman was the agent of Holmes Brothers, or that he asked the appellants to commit the crime, or that the crime was committed at his request. Chapman, pretending to be a comrade and confederate of the appellants, merely told the proprietors how the guilty parties could be caught. Under the circumstances the appellants were properly convicted. 1 Wharton's Crim. Law, 149.

These appellants were not decoyed into the commission of the crime by Chapman. The breaking was not done by Chapman, but by appellants. The fact that the entrance through

the door was to an extent made easy through the prior action of the proprietors cannot affect the case. Holmes Brothers in no way consented to or countenanced the burglary. The crime was not suggested or instigated by Chapman. Under such facts, can any one doubt the guilt of the appellants?

"It is no defense to the perpetrator of a crime that facilities for its commission were purposely placed in his way, or that the criminal act was done at the 'decoy or solicitation' of persons seeking to expose the criminal, or that detectives, feigning complicity in the act, were present and apparently assisting in its commission." 8 Am. & Eng. Ency. Law (2d ed.), 295, and authorities there cited. See, also, *Stickney* v. *State,* 42 Am. St. Rep., 284.

In the above view of the law the first instruction for the state was clearly correct. It negatived the only real defense which was sought to be made, viz., that the burglary was committed by consent of the owners.

Opposing counsel attack the action of the court below in refusing to grant the second instruction refused to appellants. But aside from the fact that the same principle was involved in other and exceedingly liberal charges granted the appellants, and aside from the fact that it is doubtful whether the instruction expressed the law, an unanswerable reason why it should not have been granted was because the instruction would have shut off the jury from convicting of larceny in case of an acquittal of burglary. It will be noted that burglary and larceny were both alleged in the indictment, as may properly be done. *Roberts* v. *State,* 55 Miss., 421; *Harris* v. *State,* 61 Miss., 304. On an indictment for burglary the jury may acquit of burglary and convict of larceny. *Roberts* v. *State, supra.*

The evidence showed that, after an entrance was effected, both appellants entered and committed larceny. But this second refused instruction stated that if Chapman broke the door

without assistance from appellants, the subsequent stealing of
the goods by appellants was no crime, and the jury should not
convict of either crime, one of which, we reiterate, was larceny.
Now, this was not law. The instruction might, perhaps, have
been correctly given, if it had been limited to a conviction of
burglary, but under the evidence it was erroneous as asked.

WHITFIELD, C. J., delivered the opinion of the court.

The learned counsel for appellants insist that, since the in-
dictment charges burglary and larceny, and the verdict is a
general one of guilty as charged, that means a verdict of guilty
of burglary alone, as held in *Roberts* v. *State,* 55 Miss., 421.
This is undoubtedly correct. Learned counsel further insist
that the second instruction refused to the defendants ought to
have been given, which is as follows: "The court instructs the
jury, for the defendants, that if you believe from the evidence
that Chapman broke open Holmes' store, unassisted by either
of the defendants, and that he in so doing did not intend to
commit a crime after so breaking, then neither of the defend-
ants is guilty of the charge in the indictment." But the in-
struction was properly refused, since it was not limited to
burglary. The jury might well have thought the defendants
guilty of grand larceny, even though acquitting of the burglary;
and consequently this charge, which told the jury that neither
of the defendants was guilty of the charge in the indictment,
was the equivalent of charging the jury that they should find
the defendants not only not guilty of burglary, but not guilty
of larceny.

Learned counsel very ingeniously insist, in the next place,
that the first instruction given for the state was erroneous.
That instruction is in the following words: "The court in-
structs the jury, for the state, that if they believe from the
evidence in this case beyond every reasonable doubt that the
defendants, either alone or in conjunction with Chapman, broke
and entered Holmes Brothers' store, and that such breaking

and entering was without the consent of Holmes Brothers, and the defendants, upon the turning on of the light, were in the act of wilfully taking, stealing, and carrying away the goods mentioned in the testimony, they are guilty as charged, regardless of who actually broke open the store, and regardless of the fact that Holmes Brothers had agreed to pay Chapman for assisting in the detection and apprehension of the defendants." The argument is that, if guilty as charged means simply guilty of burglary, this charge is erroneous, for the reason that it instructs the jury that the defendants should be convicted of burglary, regardless of who actually broke open the store; counsel insisting that the evidence shows that Chapman had the consent of the owners to break and enter the store, and that, if he did, then he could not be guilty of burglary, and so neither of the defendants could be guilty. But the trouble with this view is two-fold: First, that there is distinct evidence that Holmes Brothers never gave their consent for Chapman or any one else to break and enter their store; second, that the charge expressly negatives their consent. Keeping in mind that this instruction thus negatives the consent of the owners, given to either of the defendants or to Chapman, this charge does not fall within the principle announced in the case of *Strait* v. *State,* 77 Miss., 693 (s.c., 27 South. Rep., 617). That case is easily differentiated from this in more particulars than the one vital particular that in that case the detective himself made the entry into the lawyer's office, and the defendant never broke or entered at all, simply walking in through an open door.

On the testimony it is only needful to say that the evidence of the guilt of the defendants is simply overwhelming.

*Affirmed.*