WOOD *v.* STATE.

(Division A. Nov. 4, 1929.)

[124 So. 353. No. 28159.]

Mize, Mize & Thompson, of Gulfport, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction of burglary. The indictment alleges the burglary and theft of a lot of val-

uable jewelry, including a lady's wrist watch. Shortly thereafter this watch, and also a gentleman's wrist watch, not referred to in the indictment, but which was among the articles stolen, were found in the appellant's possession; he then stating that he purchased them from a traveler, whose name and present whereabouts he did not disclose.

The case was tried twice. In the first trial the jury failed to agree and were discharged, and the case was then set for trial on the following day. Only one jury had been impannelled for that week, and only four jurors were present and available for the second panel. The court drew twelve names from the jury box, ordered the sheriff to summon them for the next day, and the second panel was then completed from the persons so drawn and summoned. When the case was called for the second trial, the appellant filed a motion to quash the panel, alleging, among other things, that he was prejudiced by being put to trial so soon after the mistrial on the preceding day. No reason appears why he should be so prejudiced, or why the case should be postponed to a later day. The motion to quash was overruled, and the court committed no error in so doing.

The indictment charged that the house burglarized was "that said hotel building commonly known as the 'Anniston Hotel,' the property of Agamando, Inc., a corporation." The manager of the hotel testified that it was owned by Agamando, Inc.; that he was subordinate, and reported, to Jagoe, who was then introduced as a witness and stated that the hotel was owned by a corporation by the name of Sajamada, Inc. The charter of this corporation was offered, but was excluded, for the reason that it was not properly certified. Jagoe was then permitted to testify, over the appellant's objection, that Sajamada, Inc., was doing business as a corporation, and that he was a director and secretary and treasurer

thereof. The indictment was then amended, over the objection of the appellant, so as to allege the ownership of the hotel in Sajamada, Inc. This amendment is within the provisions of section 1508, Code of 1906 (Hemingway's Code 1927, section 1329), unless it changed the identity of the offense with the commission of which the appellant was charged, and this it did not do, and the evidence of Jagoe that Sajamada, Inc., was known and acted as a corporation was sufficient proof of its corporate existence. James v. State, 77 Miss. 370, 26 So. 929, 78 Am. St. Rep. 527.; Davis v. State, 108 Miss. 710, 67 So. 178.

An objection to the evidence of the possession by the appellant of the man's wrist watch was properly overruled. It is true that this watch was not referred to in the indictment, but that fact is of no consequence. The indictment, as one for burglary, would have been complete without an allegation of the actual commission of a larceny, Draughn v. State, 76 Miss. 574, 25 So. 153; 2 Bishop's Crim. Prac. (4 Ed.), section 142; and the absence of such an allegation does not render inadmissible evidence that articles stolen by the burglar were found shortly thereafter in the possession of the person charged with the commission of the burglary.

The court charged the jury, for the state, that it could not convict the appellant of the larceny of the man's wrist watch. It was not incumbent on the state to request this instruction, but the court committed no error in granting it, and, in fact, relieved the appellant from the necessity of requesting the instruction himself. Moreover, the appellant was not convicted of larceny, but of burglary.

The court refused an instruction requested by the appellant, charging the jury not to convict him of grand larceny. This instruction was requested on the theory that the lady's wrist watch was worth less than twenty-

five dollars, and that a conviction of larceny must rest solely thereon. Assuming for the purpose of the argument that this theory is correct, no harm was done the appellant by the refusal of the instruction, for he was not convicted of larceny but of burglary.

The court instructed the jury, for the state, "that recent possession of stolen property, if such recent possession there be, is a circumstance for the jury's consideration, and, in the absence of a reasonable explanation of such possession by the party in possession of such property, the jury may infer guilt therefrom." This instruction properly announces the law. Harris v. State, 61 Miss. 304; Cook v. State (Miss.), 28 So. 833; Harper v. State, 71 Miss. 202, 13 So. 882; 9 C. J. 1080. It is true that the burglary must be proven by evidence independent of the recent possession of property then stolen, but here the commission of burglary was proven without any conflict in the evidence relative thereto, and the only mooted question was the identity of the burglar.

The verdict of the jury was: "We the jury, find the defendant guilty as charged." The judgment of the court, after setting forth this verdict, recites that: "The said defendant, Harry Wood, for such his felony and crime of burglary and larceny aforesaid, be confined in the state penitentiary of the state of Mississippi for and during a term of ten years from this day." The appellant's contention in this connection is that the verdict is for burglary, and therefore he must be punished for that crime alone, and not for the larceny. It is true that, under a general verdict of guilty on an indictment charging a burglary and larceny, only one punishment can be imposed, and that must be for the crime of burglary, Roberts v. State, 55 Miss. 421; Dees v. State, 89 Miss. 754, 42 So. 605; 9 C. J. 1091; but, in determining the extent of the punishment to be imposed, the court looks to all the circumstances surrounding the commission of

the burglary, including the commission of the crime for the commission of which the burglary itself was committed, Roberts v. State, supra.

The recital of that fact in the judgment is, of course, unnecessary, but does no harm, where the punishment imposed, as here, is within the limit permitted by the statute for burglary.

Affirmed.