### Kemp WOMACK v. STATE.
### No. 31607.

Supreme Court of Mississippi, Division A.
June 10, 1935.

M. S. McNeil and R. O. Arrington, both of Hazlehurst, for appellant.

W. D. Conn, Jr., Asst. Atty. Gen., for the State.

SMITH, Chief Justice.

The appellant was convicted of murder and was sentenced to the penitentiary for life. The proof of the corpus delicti is not challenged, but the identity of the appellant as the murderer is, and it rests solely on circumstantial evidence.

There is some conflict in the evidence, but the jury were warranted in believing therefrom the following: The deceased and the appellant lived in the same neighborhood, and on the morning of Wednesday, September 26, 1934, on the appellant's suggestion, they made an engagement to go squirrel hunting the next day, on which, at 5:30 o'clock, a. m., the deceased left his home with a gun and dog and was last seen going toward, and about a quarter of a mile from, the appellant's residence. He failed to return to his home and on Tuesday, October 2d, his dead body with his skull crushed was discovered in a small but dense growth of low trees and shrubs, about three miles from his residence. His gun, loaded, was near him. He was accustomed to carry money on his person and had with him when he left home $246 in paper— 12 twenty dollar bills, 1 five, and 1 one dollar bill—which he had marked with a "C" in ink. This money had been taken from his person when the body was found and is unaccounted for except as hereinafter stated. The appellant is a man of little means and borrowed $3 from a neighbor a day or two before the deceased disappeared. He knew that the deceased was accustomed to carry money on his person, saw that he had more than $100 on his person a few days before he disappeared, and said to another that "somebody might knock him off and take it sometime."

The deceased disappeared on Thursday, and the search for him began the next morning. One of the searchers called at the appellant's home about 6 o'clock a. m., asked him if he had seen the deceased, to which he replied, "No," and asked for a cigarette. Tobacco and paper were given him, but he was so nervous and "shaky" he was unable to roll the cigarette. About 8 o'clock that night the appellant went to a neighbor's house, told him that he was afraid to go through the wood to·his home, and asked this neighbor to get up and go with him. This the neighbor declined to do. The appellant went fox hunting Friday night, before the deceased's body was found, with others, and said to one of them, "Reckon it would be all right hunting and this boy dead."

On Saturday, the appellant spent money rather freely in Hazlehurst and Vicksburg. He went from Hazlehurst to Vicksburg on a drinking spree with Stegall and others, paying the expenses. Before leaving Hazlehurst, he gave Stegall a $20 bill with which to purchase whisky, which Stegall purchased with the bill, returning the change therefrom to the appellant. According to the seller of the whisky, this $20 bill was marked with a "C" in ink when received by him. It was introduced in evidence and the "C" identified as being in the deceased's handwriting, or, to be strictly accurate, the jury were warranted in so believing. The appellant spent another $20 bill while in Vicksburg. On the way from Hazlehurst to Vicksburg, at night in an automobile, a stop was made about three-quarters of a mile from the appellant's home; he left the automobile, and, according to his evidence, went to his home and got some money he had there. The jury, however, were

warranted in believing, if they did so believe, that he did not go to his residence. He returned to the automobile and the journey to Vicksburg was resumed.

The appellant's defense was an alibi, and he gave evidence which, we will assume, if believed, would have warranted the jury in finding that he had money legitimately obtained equaling that he spent in Hazlehurst and Vicksburg.

Bearing in mind the degree to which circumstantial evidence must rise to justify a verdict of guilty, we are nevertheless of the opinion that the jury were warranted in finding from the evidence that (1) the money spent by the appellant in Hazlehurst and Vicksburg, particularly the marked $20 bill, came from the person of the deceased; (2) that it was taken therefrom by the appellant; and (3) that he killed the deceased in order to obtain it. Cf. Wood v. State, 155 Miss. 298, 124 So. 353.

Affirmed.